IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISAAC HAMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 09 C 7194 |
| | ) | |
| FOREST PRESERVE DISTRICT OF | ) | |
| COOK COUNTY, S. MCCORMICK #401, | ) | |
| and UNKNOWN FOREST PRESERVE | ) | |
| POLICE OFFICERS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, ISAAC HAMPTON, by and through his attorney, BASILEIOS J. FOUTRIS, and complaining against the Defendants, FOREST RESERVE DISTRICT OF COOK COUNTY, S. MCCORMICK #401, and UNKNOWN FOREST PRESERVE POLICE OFFICERS, states as follows:

### Nature of Action

1.      This action is brought pursuant to the Laws of the United States Constitution, specifically through 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants when the Plaintiff was arrested on August 3, 2009 by the Defendants.

### Jurisdiction and Venue

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3.      At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

1

4. The FOREST PRESERVE DISTRICT OF COOK COUNTY is a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the FOREST PRESERVE DISTRICT OF COOK COUNTY was the employer of Defendants, S. MCCORMICK #401, and UNKNOWN FOREST PRESERVE POLICE OFFICERS, ("Defendant Officers" hereafter). The Defendant Officers were at all relevant times employed by the FOREST PRESERVE DISTRICT OF COOK COUNTY as duly appointed police officers in the FOREST PRESERVE DISTRICT OF COOK COUNTY acting within the course and scope of their employment and under color of law.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On August 3, 2009, the Plaintiff was arrested in a Cook County Forest Preserve in the County of Cook and the State of Illinois by police officers employed by the FOREST PRESERVE DISTRICT OF COOK COUNTY. He was arrested, or his arrest was directly caused, by acts and/or omissions of the Defendant Officers. The Plaintiff posed no threat of danger to the Defendant Officers at any time before, during, or after his arrest on August 3, 2009. The Plaintiff did not resist or obstruct the Defendant Officers' acts at any time before, during, or after his arrest on August 3, 2009.

7. At the time of his arrest on August 3, 2009, without justification or provocation, the Defendant Officers verbally threatened to kill the Plaintiff as they pointed a gun directly at the Plaintiff's head when he was on the ground and not resisting. Also, at the time of his arrest on August 3, 2009, without justification or provocation, and

as the Plaintiff was on the ground and not resisting, the Defendant Officers kicked, stomped and/or stood on the Plaintiff's shoulder-neck and told him that they would kill him if he moved. The Plaintiff was complying with all lawful orders when these actions were taken by the Defendant Officers.

8. During the August 3, 2009 arrest the Plaintiff was handcuffed by the Defendant Officers. The handcuffs were applied in a manner that deliberately caused the Plaintiff pain. The Plaintiff repeatedly requested that the Defendant Officers loosen the handcuffs due to the pain that they were causing. The manner in which the handcuffs were applied caused bruising to the Plaintiff and eventually left a scar. The Defendant Officers ignored the request to loosen the handcuffs for a long period of time.

9. After he was handcuffed, the Plaintiff was placed into a squad car by the Defendant Officers. The squad car was not turned on, and the windows and doors were closed. The temperature in the squad car kept rising since it was a hot August day, and eventually the temperature in the squad car became very hot. The heat in the squad car, combined with the pain caused during the arrest, began to affect the Plaintiff's health. The Plaintiff became very dizzy and had difficulty breathing as he was handcuffed in the hot squad car.

10. The Plaintiff communicated to the Defendant Officers, through the closed windows of the squad car, that it was too hot in the car, that the handcuffs were too tight and they were causing him pain, that he was dizzy, that he had difficulty breathing, and that he needed medical attention.

11. The Defendant Officers refused to do anything to alleviate the heat in the squad car, did not loosen the handcuffs at that time, and did not provide medical attention

to the Plaintiff – even though an ambulance was on the scene. Instead, the Defendant Officers smirked at the Plaintiff and walked away. The Plaintiff remained in the hot squad car for a long period of time.

12. While the Plaintiff was in the squad car, the Defendant Officers told one of the Plaintiff's friends that, "he [the Plaintiff] f----d up my lunch and I'm going to take him for a ride and give his mom and dad something to really cry about", and that the Defendant Officers "would not have to worry about explaining anything".

13. When the Plaintiff was finally allowed to exit the hot squad car, the Defendant Officers demanded that he sign a ticket. When the Plaintiff expressed hesitancy at signing the ticket, he was grabbed by the throat by the Defendant Officers and told, "sign the tickets a---hole". The Plaintiff was grabbed so violently by his throat by the Defendant Officers that his neck was bruised.

14. The Plaintiff was upset at his treatment on the scene. As such, he wanted to make a formal complaint regarding what happened. The Plaintiff advised a supervisor that was on the scene that he wanted to make a formal complaint. The Plaintiff was told by the supervisor – a deputy assistant chief of the Forest Preserve Police Department – that no complaint could be made about the Defendant Officers' acts.

15. The Plaintiff suffered injuries and bodily harm due to the manner in which he was treated by the Defendant Officers at the time of his arrest on August 3, 2009, and he has received medical treatment for his injuries.

16. As outlined above, the Plaintiff was in obvious need of medical attention at the time of his arrest and he requested medical attention from the Defendant Officers. They refused to provide him any medical attention.

4

17. Immediately before he was subjected to the force described above on August 3, 2009, the Plaintiff was not violating any laws, rules or ordinances. On August 3, 2009, as the Plaintiff was subjected to the force described above, he was not violating any laws, rules or ordinances. There was no probable cause or legal justification to use force to subdue the Plaintiff during his arrest on August 3, 2009. On August 3, 2009, there was no probable cause or legal justification to handle the Plaintiff in a manner that caused injuries to him.

18. On August 3, 2009, the Defendant Officers' acts were intentional, willful and wanton.

## COUNT I- 42 U.S.C. §1983
### Excessive Force- Defendant Officers

19. The Plaintiff re-alleges Paragraphs 1 through 18, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 19.

20. As described above, the Defendant Officers used excessive force during the arrest of the Plaintiff.

21. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

22. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

23. As a direct and proximate result of the Defendant Officers' acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, ISAAC HAMPTON, prays for judgment in his favor and against the Defendants, S. MCCORMICK #401, and UNKNOWN FOREST PRESERVE POLICE OFFICERS, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT II- 42 U.S.C. §1983
### Failure to Intervene- Defendant Officers

24. The Plaintiff re-alleges Paragraphs 1 through 23, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 24.

25. The Defendant Officers stood by and watched without intervening to prevent the violence to which the Plaintiff was subjected, as referenced above, in violation of the United States Constitution. The Defendant Officers had a reasonable opportunity to prevent the harm referenced above had they been so inclined, but failed to do so.

26. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

27. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

28. As a direct and proximate result of the Defendant Officers' acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, ISAAC HAMPTON, prays for judgment in his favor and against the Defendants, S. MCCORMICK #401, and UNKNOWN FOREST PRESERVE POLICE OFFICERS, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT III- 42 U.S.C. §1983
### Failure to Provide Medical Care- Defendant Officers

29. The Plaintiff re-alleges Paragraphs 1 through 28, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 29.

30. As described above, the Defendants Officers inappropriately, and in contravention of the United States Constitution, refused to provide the Plaintiff with necessary medical treatment after he was injured by the Defendant Officers, even though they were aware of the need.

31. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

32. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

33. As a direct and proximate result of the Defendant Officers' acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, ISAAC HAMPTON, prays for judgment in his favor and against the Defendants, S. MCCORMICK #401, and UNKNOWN FOREST

PRESERVE POLICE OFFICERS, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count IV- Illinois State Law
### Battery- All Defendants

34. The Plaintiff re-alleges Paragraphs 1 through 33, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 34.

35. As described above, the Defendant Officers, employees of the FOREST PRESERVE DISTRICT OF COOK COUNTY, intended to cause, and did cause, harmful and offensive contact of the Plaintiff during the arrest of the Plaintiff.

36. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as FOREST PRESERVE DISTRICT OF COOK COUNTY police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

37. Defendant FOREST PRESERVE DISTRICT OF COOK COUNTY is liable as principal for all torts committed by its agents.

38. As a direct and proximate result of the acts of the Defendant Officers, employees of the FOREST PRESERVE DISTRICT OF COOK COUNTY, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, ISAAC HAMPTON, prays for judgment in his favor and against the Defendants, FOREST PRESERVE DISTRICT OF COOK COUNTY, S. MCCORMICK #401, and UNKNOWN FOREST PRESERVE POLICE OFFICERS,

awarding compensatory damages and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## Count V- Illinois State Law
## Abuse of Process- All Defendants

39. The Plaintiff re-alleges Paragraphs 1 through 38, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 39.

40. As described above, the Defendant Officers arrested the Plaintiff, used force against the Plaintiff, and treated him in the manner in which he was treated not because the Plaintiff was violating the law, but in order to punish the Plaintiff.

41. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as FOREST PRESERVE DISTRICT OF COOK COUNTY police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

42. Defendant FOREST PRESERVE DISTRICT OF COOK COUNTY is liable as principal for all torts committed by its agents.

43. As a direct and proximate result of the acts of the Defendant Officers, employees of the FOREST PRESERVE DISTRICT OF COOK COUNTY, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, ISAAC HAMPTON, prays for judgment in his favor and against the Defendants, FOREST PRESERVE DISTRICT OF COOK COUNTY, S. MCCORMICK #401, and UNKNOWN FOREST PRESERVE POLICE OFFICERS, awarding compensatory damages and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## Count VI- Illinois State Law
## Intentional Infliction of Emotional Distress - All Defendants

44. The Plaintiff re-alleges Paragraphs 1 through 43, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 44.

45. As described above, the Defendants engaged in conduct that was extreme and outrageous when they knew, or should have known, that their actions would cause severe emotional distress to the Plaintiff.

46. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as FOREST PRESERVE DISTRICT OF COOK COUNTY police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

47. Defendant FOREST PRESERVE DISTRICT OF COOK COUNTY is liable as principal for all torts committed by its agents.

48. As a direct and proximate result of the acts of the Defendant Officers, employees of the FOREST PRESERVE DISTRICT OF COOK COUNTY, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, ISAAC HAMPTON, prays for judgment in his favor and against the Defendants, FOREST PRESERVE DISTRICT OF COOK COUNTY, S. MCCORMICK #401, and UNKNOWN FOREST PRESERVE POLICE OFFICERS, awarding compensatory damages and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## Count VII- Illinois State Law
## Indemnification - FOREST PRESERVE DISTRICT OF COOK COUNTY

49. The Plaintiff re-alleges Paragraphs 1 through 48, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 49.

50. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

51. At all relevant times the FOREST PRESERVE DISTRICT OF COOK COUNTY was the employer of the Defendant Officers.

WHEREFORE, the Plaintiff, ISAAC HAMPTON, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, FOREST PRESERVE DISTRICT OF COOK COUNTY, in the amounts awarded to the Plaintiff against the individual Defendants, and for whatever additional relief this Court deems just and appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.

Respectfully Submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff ISAAC HAMPTON
FOUTRIS LAW OFFICE, LTD.
53 W. Jackson, Suite 252
Chicago, IL 60604
312-212-1200


Basileios J. Foutris
FOUTRIS LAW OFFICE, LTD.
Attorney for Plaintiff ISAAC HAMPTON
53 West Jackson, Suite 252
Chicago, IL 60604
(312) 212-1200