IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISAAC HAMPTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 09 C 7194 |
| FOREST PRESERVE DISTRICT OF COOK COUNTY, S. MCCORMICK #401, and UNKNOWN FOREST PRESERVE POLICE OFFICERS, | ) ) ) ) ) | Judge Leinenweber<br><br>Magistrate Judge Mason |
| Defendants. | ) ) | JURY TRIAL DEMANDED |

## DEFENDANTS' ANSWER, DEFENSES, AND JURY DEMAND
## TO PLAINTIFF'S COMPLAINT

NOW COME the Defendants, FOREST PRESERVE DISTRICT OF COOK COUNTY and S. MCCORMICK, by and through their attorneys, SMITHAMUNDSEN LLC, and for their Answer to Plaintiff ISAAC HAMPTON's Complaint, state as follows:

**Nature of Action**

1. This action is brought pursuant to the Laws of the United States Constitution, specifically through 42 U.S.C. § 1983 and 42 U.S.C. §1988, and the Laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants when the Plaintiff was arrested on August 3, 2009 by the Defendants.

**ANSWER:** Defendants admit that this is a civil action for damages arising under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 of the United States Constitution and the Laws of the State of Illinois. Defendants deny any wrongful or illegal conduct and deny the allegations as alleged in this complaint.

## Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343, and 28 U.S.C. §1367.

**ANSWER:** Defendants admit that plaintiff invokes this Court's jurisdiction pursuant to the statutory provisions cited.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

**ANSWER:** Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, but demand strict proof thereof.

4. The FOREST PRESERVE DISTRICT OF COOK COUNTY is a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the FOREST PRESERVE DISTRICT OF COOK COUNTY was the employer of Defendants, S. MCCORMICK #401, and UNKNOWN FOREST PRESERVE POLICE OFFICERS, ("Defendant Officers" hereafter). The Defendant Officers were at all relevant times employed by the FOREST PRESERVE DISTRICT OF COOK COUNTY as duly appointed police officers in the FOREST PRESERVE DISTRICT OF COOK COUNTY acting within the course and scope of their employment and under color of law.

**ANSWER:** Defendants admit the Forest Preserve District is an Illinois Special District organized under the Cook County Forest Preserve District Act (70 ILCS 810/0.01) and deny all other allegations in the first sentence of paragraph 4. Defendants admit that the Forest Preserve District of Cook County is and was the employer of the individual officer named; defendants admit that the named defendant officer was acting within the scope of his employment with defendant Forest Preserve District of Cook County; defendants do not have knowledge with

respect to the allegations regarding unknown Forest Preserve Police Officers and therefore deny all other allegations contained in paragraph 4 and demand strict proof thereof.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**ANSWER:** Defendants admit that the event where plaintiff was arrested by the named defendant officer on August 3, 2009 occurred within this Judicial District and deny any wrongful or illegal conduct and the allegations as alleged in this complaint.

### Facts

6. On August 3, 2009, the Plaintiff was arrested in a Cook County Forest Preserve in the County of Cook and the State of Illinois by police officers employed by the FOREST PRESERVE DISTRICT OF COOK COUNTY. He was arrested, or his arrest was directly caused, by acts and/or omissions of the Defendant Officers. The Plaintiff posed no threat of danger to the Defendant Officers at any time before, during, or after his arrest on August 3, 2009. The Plaintiff did not resist or obstruct the Defendant Officers' acts at any time before, during, or after his arrest on August 3, 2009.

**ANSWER:** Defendants admit that the named defendant officer arrested plaintiff on August 3, 2009 at a forest preserve in the County of Cook and the State of Illinois and deny the remaining allegations contained in paragraph 6.

7. At the time of his arrest on August 3, 2009, without justification or provocation, the Defendant Officers verbally threatened to kill the Plaintiff as they pointed a gun directly at the Plaintiff's head when he was on the ground and not resisting. Also, at the time of his arrest on August 3, 2009, without justification or provocation, and as the Plaintiff was on the ground and not resisting, the Defendant Officers kicked, stomped and/or stood on the Plaintiffs shoulder-

neck and told him that they would kill him if he moved. The Plaintiff was complying with all lawful orders when these actions were taken by the Defendant Officers.

**ANSWER:** Defendants deny the allegations in paragraph 7.

8. During the August 3, 2009 arrest the Plaintiff was handcuffed by the Defendant Officers. The handcuffs were applied in a manner that deliberately caused the Plaintiff pain. The Plaintiff repeatedly requested that the Defendant Officers loosen the handcuffs due to the pain that they were causing. The manner in which the handcuffs were applied caused bruising to the Plaintiff and eventually left a scar. The Defendant Officers ignored the request to loosen the handcuffs for a long period of time.

**ANSWER:** Defendants admit that the named defendant officer placed handcuffs on the plaintiff on August 3, 2009 and deny the remaining allegations contained in sentences 1, 2, and 4 of paragraph 8. Defendants do not have knowledge with respect to the remaining allegations and therefore deny all other allegations contained in paragraph 8 and demand strict proof thereof.

9. After he was handcuffed, the Plaintiff was placed into a squad car by the Defendant Officers. The squad car was not turned on, and the windows and doors were closed. The temperature in the squad car kept rising since it was a hot August day, and eventually the temperature in the squad car became very hot. The heat in the squad car, combined with the pain caused during the arrest, began to affect the Plaintiffs health. The Plaintiff became very dizzy and had difficulty breathing as he was handcuffed in the hot squad car.

**ANSWER:** Defendants admit that the named defendant officer placed handcuffs on the plaintiff on August 3, 2009, and deny the remaining allegations contained paragraph 9.

10. The Plaintiff communicated to the Defendant Officers, through the closed windows of the squad car, that it was too hot in the car, that the handcuffs were too tight and they

were causing him pain, that he was dizzy, that he had difficulty breathing, and that he needed medical attention.

**ANSWER:** Defendants deny the allegations in paragraph 10.

11. The Defendant Officers refused to do anything to alleviate the heat in the squad car, did not loosen the handcuffs at that time, and did not provide medical attention to the Plaintiff — even though an ambulance was on the scene. Instead, the Defendant Officers smirked at the Plaintiff and walked away. The Plaintiff remained in the hot squad car for a long period of time

**ANSWER:** Defendants deny the allegations in paragraph 11.

12. While the Plaintiff was in the squad car, the Defendant Officers told one of the Plaintiff's friends that, "he [the Plaintiff] f----d up my lunch and I'm going to take him for a ride and give his mom and dad something to really cry about", and that the Defendant Officers "would not have to worry about explaining anything".

**ANSWER:** Defendants deny the allegations in paragraph 12.

13. When the Plaintiff was finally allowed to exit the hot squad car, the Defendant Officers demanded that he sign a ticket. When the Plaintiff expressed hesitancy at signing the ticket, he was grabbed by the throat by the Defendant Officers and told, "sign the tickets a---hole". The Plaintiff was grabbed so violently by his throat by the Defendant Officers that his neck was bruised.

**ANSWER:** Defendants deny the allegations in paragraph 13.

14. The Plaintiff was upset at his treatment on the scene. As such, he wanted to make a formal complaint regarding what happened. The Plaintiff advised a supervisor that was on the scene that he wanted to make a formal complaint. The Plaintiff was told

by the supervisor – a deputy assistant chief of the Forest Preserve Police Department – that no complaint could be made about the Defendant Officers' acts.

**ANSWER:** Defendants deny the allegations in paragraph 14.

15. The Plaintiff suffered injuries and bodily harm due to the manner in which he was treated by the Defendant Officers at the time of his arrest on August 3, 2009, and he has received medical treatment for his injuries.

**ANSWER:** Defendants deny any wrongful or illegal conduct and are without knowledge with respect to the remaining allegations in paragraph 15 and demand strict proof thereof.

16. As outlined above, the Plaintiff was in obvious need of medical attention at the time of his arrest and he requested medical attention from the Defendant Officers. They refused to provide him any medical attention.

**ANSWER:** Defendants deny the allegations in paragraph 16.

17. Immediately before he was subjected to the force described above on August 3, 2009, the Plaintiff was not violating any laws, rules or ordinances. On August 3, 2009, as the Plaintiff was subjected to the force described above, he was not violating any laws, rules or ordinances. There was no probable cause or legal justification to use force to subdue the Plaintiff during his arrest on August 3, 2009. On August 3, 2009, there was no probable cause or legal justification to handle the Plaintiff in a manner that caused injuries to him.

**ANSWER:** Defendants deny the allegations in paragraph 17.

18. On August 3, 2009, the Defendant Officers' acts were intentional, willful and wanton.

**ANSWER:** Defendants deny the allegations in paragraph 18.

## Count I- 42 U.S.C. §1983
### Excessive Force- Defendant Officers

19. The Plaintiff re-alleges Paragraphs I through 18, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 19.

**ANSWER:** Defendants reallege and incorporate their answers to paragraphs 1 through 18.

20. As described above, the Defendant Officers used excessive force during the arrest of the Plaintiff.

**ANSWER:** Defendant S. McCormick denies the allegations in paragraph 20.

21. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

**ANSWER:** Defendant S. McCormick denies the allegations in paragraph 21.

22. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

**ANSWER:** Defendant S. McCormick denies the allegations in paragraph 22.

23. As a direct and proximate result of the Defendant Officers' acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER:** Defendant S. McCormick denies the allegations in paragraph 23.

WHEREFORE, Defendant S. McCormick requests that judgment be entered in his favor and against plaintiff, Isaac Hampton, together with costs incurred in defending this suit and any other relief this Honorable Court deems necessary and proper.

## Count II- 42 U.S.C. §1983
## Failure to Intervene- Defendant Officers

24. The Plaintiff re-alleges Paragraphs 1 through 23, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 24.

**ANSWER:** Defendants reallege and incorporate their answers to paragraphs 1 through 23.

25. The Defendant Officers stood by and watched without intervening to prevent the violence to which the Plaintiff was subjected, as referenced above, in violation of the United States Constitution. The Defendant Officers had a reasonable opportunity to prevent the harm referenced above had they been so inclined, but failed to do so.

**ANSWER:** Defendant S. McCormick denies the allegations in paragraph 25.

26. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

**ANSWER:** Defendant S. McCormick denies the allegations in paragraph 26.

27. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

**ANSWER:** Defendant S. McCormick denies the allegations in paragraph 27.

28. As a direct and proximate result of the Defendant Officers' acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER:** Defendant S. McCormick denies the allegations in paragraph 28.

WHEREFORE, Defendants S. McCormick requests that judgment be entered in his favor and against plaintiff, Isaac Hampton, together with costs incurred in defending this suit and any

other relief this Honorable Court deems necessary and proper.

## Count III- 42 U.S.C. §1983
## Failure to Provide Medical Care- Defendant Officers

29. The Plaintiff re-alleges Paragraphs 1 through 28, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 29.

**ANSWER:** Defendants reallege and incorporate their answers to paragraphs 1 through 28.

30. As described above, the Defendants Officers inappropriately, and in contravention of the United States Constitution, refused to provide the Plaintiff with necessary medical treatment after he was injured by the Defendant Officers, even though they were aware of the need.

**ANSWER:** Defendant S. McCormick denies the allegations in paragraph 30.

31. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiffs constitutional rights.

**ANSWER:** Defendant S. McCormick denies the allegations in paragraph 31.

32. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

**ANSWER:** Defendant S. McCormick denies the allegations in paragraph 32.

33. As a direct and proximate result of the Defendant Officers' acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER:** Defendant S. McCormick denies the allegations in paragraph 33.

WHEREFORE, Defendant S. McCormick requests that judgment be entered in his favor and against plaintiff, Isaac Hampton, together with costs incurred in defending this suit and any

other relief this Honorable Court deems necessary and proper.

## Count IV- Illinois State Law
## Battery- All Defendants

34. The Plaintiff re-alleges Paragraphs 1 through 33, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 34.

**ANSWER:** Defendants reallege and incorporate their answers to paragraphs 1 through 33.

35. As described above, the Defendant Officers, employees of the FOREST PRESERVE DISTRICT OF COOK COUNTY, intended to cause, and did cause, harmful and offensive contact of the Plaintiff during the arrest of the Plaintiff.

**ANSWER:** Defendants deny the allegations in paragraph 35.

36. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as FOREST PRESERVE DISTRICT OF COOK COUNTY police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

**ANSWER:** Defendants deny the allegations in paragraph 36.

37. Defendant FOREST PRESERVE DISTRICT OF COOK COUNTY is liable as principal for all torts committed by its agents.

**ANSWER:** Defendant Forest Preserve District of Cook County denies that plaintiff has accurately stated the law in paragraph 37 and therefore denies same.

38. As a direct and proximate result of the acts of the Defendant Officers, employees of the FOREST PRESERVE DISTRICT OF COOK COUNTY, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER:** Defendants deny the allegations in paragraph 38.

WHEREFORE, Defendants, Forest Preserve District of Cook County and S. McCormick request that judgment be entered in their favor and against plaintiff, Isaac Hampton, together with costs incurred in defending this suit and any other relief this Honorable Court deems necessary and proper.

### Count V- Illinois State Law
### Abuse of Process- All Defendants

39. The Plaintiff re-alleges Paragraphs 1 through 38, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 39.

**ANSWER:** Defendants reallege and incorporate their answers to paragraphs 1 through 38.

40. As described above, the Defendant Officers arrested the Plaintiff, used force against the Plaintiff, and treated him in the manner in which he was treated not because the Plaintiff was violating the law, but in order to punish the Plaintiff.

**ANSWER:** Defendants deny the allegations in paragraph 40.

41. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as FOREST PRESERVE DISTRICT OF COOK COUNTY police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

**ANSWER:** Defendants deny the allegations in paragraph 41.

42. Defendant FOREST PRESERVE DISTRICT OF COOK COUNTY is liable as principal for all torts committed by its agents.

**ANSWER:** Defendant Forest Preserve District of Cook County denies that plaintiff has accurately stated the law paragraph 42 and therefore denies same.

43. As a direct and proximate result of the acts of the Defendant Officers, employees of the FOREST PRESERVE DISTRICT OF COOK COUNTY, Plaintiff was injured, suffered

emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER:** Defendants deny the allegations in paragraph 43.

WHEREFORE, Defendants, Forest Preserve District of Cook County and S. McCormick request that judgment be entered in their favor and against plaintiff, Isaac Hampton, together with costs incurred in defending this suit and any other relief this Honorable Court deems necessary and proper.

### Count VI- Illinois State Law
### Intentional Infliction of Emotional Distress - All Defendants

44. The Plaintiff re-alleges Paragraphs 1 through 43, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 44.

**ANSWER:** Defendants reallege and incorporate their answers to paragraphs 1 through 43.

45. As described above, the Defendants engaged in conduct that was extreme and outrageous when they knew, or should have known, that their actions would cause severe emotional distress to the Plaintiff.

**ANSWER:** Defendants deny the allegations in paragraph 45.

46. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as FOREST PRESERVE DISTRICT OF COOK COUNTY police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

**ANSWER:** Defendants deny the allegations in paragraph 46.

47. Defendant FOREST PRESERVE DISTRICT OF COOK COUNTY is liable as principal for all torts committed by its agents.

**ANSWER:** Defendant Forest Preserve District of Cook County denies that plaintiff has

accurately stated the law in paragraph 47 and therefore denies same.

48. As a direct and proximate result of the acts of the Defendant Officers, employees of the FOREST PRESERVE DISTRICT OF COOK COUNTY, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER:** Defendants deny the allegations in paragraph 48.

WHEREFORE, Defendants, Forest Preserve District of Cook County and S. McCormick request that judgment be entered in their favor and against plaintiff, Isaac Hampton, together with costs incurred in defending this suit and any other relief this Honorable Court deems necessary and proper.

### Count VII- Illinois State Law
### Indemnification - FOREST PRESERVE DISTRICT OF COOK COUNTY

49. The Plaintiff re-alleges Paragraphs 1 through 48, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 49.

**ANSWER:** Defendants reallege and incorporate their answers to paragraphs 1 through 48.

50. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

**ANSWER:** Defendant Forest Preserve District of Cook County admits that the named defendant officer was acting within the scope of his employment with defendant Forest Preserve District of Cook County; defendant Forest Preserve District of Cook County does not have knowledge with respect to the allegations regarding unknown Forest Preserve Police Officers and therefore denies all other allegations contained in paragraph 50 and demands strict proof thereof.

13

51. At all relevant times the FOREST PRESERVE DISTRICT OF COOK COUNTY was the employer of the Defendant Officers.

**ANSWER:** Defendant Forest Preserve District of Cook County admits that it is and was the employer of the individual officer named; defendant Forest Preserve District of Cook County does not have knowledge with respect to the allegations regarding unknown Forest Preserve Police Officers and therefore denies all other allegations contained in paragraph 51 and demands strict proof thereof.

WHEREFORE, Defendant Forest Preserve District of Cook County requests that judgment be entered in if favor and against plaintiff, Isaac Hampton, together with costs incurred in defending this suit and any other relief this Honorable Court deems necessary and proper.

## AFFIRMATIVE DEFENSES

1. As to all federal claims, at all times during the events alleged in plaintiff's Complaint, a reasonable police officer, objectively viewing the facts and circumstances confronting the named defendant officer during the incident which allegedly provides the basis for the present case, would have reasonably believed that the actions taken by him were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendant McCormick is entitled to qualified immunity from liability. The alleged actions and conduct of defendant McCormick did not cause a constitutional violation, nor did the alleged conduct violate clearly established standards for constitutional conduct of which a reasonably competent police officer would have known under the circumstances.

2. To the extent that any individual defendant was working as a police officer, he may have been acting in the execution and enforcement of the law. The actions of the named defendant officer, working as a police officer, were not willful or wanton. Therefore, the

defendant officer is immune from liability for the claims alleged because public employees are not liable for their acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

3. To the extent that any individual defendant was a public employee serving in a position involving the determination of policy or the exercise of discretion he is not liable for any of the claims alleged. Further, the decisions to arrest and charge plaintiff are discretionary decisions for which a police officer is immune from liability. 745 ILCS 10/2-201.

4. The named defendant officer is not liable for any of plaintiff's alleged claims because he is a public employee who was acting within the scope of his employment and, as such, the defendant is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5. The named defendant officer is not liable to plaintiff because he did not act with malice and without probable cause. 745 ILCS 10/2-208.

6. The defendants are not liable for any of the alleged claims because the acts and/or omissions of plaintiff were the sole proximate cause of any injuries he may have sustained.

7. Where either the named defendant officer or the Forest Preserve District of Cook County may be liable in damages, the total amount of damages to which plaintiff would otherwise be entitled must be reduced by the application of principles of comparative fault in proportions to the amount of the negligent, willful and wanton and/or intentional conduct of the plaintiff, including committing a criminal offense, and which were the proximate cause of his arrest and alleged injuries.

8. One basis for liability against the Forest Preserve District of Cook County is a claim for indemnity. If the named defendant officer is found not liable to the plaintiff, the Forest Preserve District of Cook County is not liable to the plaintiff. 745 ILCS 10/9-102.

9. Another basis for liability against the Forest Preserve District of Cook County is a claim for respondeat superior. If the named defendant officer is found not liable to the plaintiff, the Forest Preserve District of Cook County is not liable to the plaintiff.

10. To the extent that plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by the application of the principle that plaintiff has a duty to mitigate attributed to plaintiff by the jury in this case.

WHEREFORE, Defendants, Forest Preserve District of Cook County and S. McCormick, request that judgment be entered in their favor and against plaintiff, Isaac Hampton, together with costs incurred in defending this suit and any other relief this Honorable Court deems necessary and proper based upon the foregoing affirmative defenses at law.

## JURY DEMAND

Defendants Demand Trial By Jury.

Respectfully submitted,

SMITHAMUNDSEN LLC

By:     s/ Marcie Thorp
Attorneys for Defendants,
FOREST PRESERVE DISTRICT OF
COOK COUNTY and S. MCCORMICK

Marcie Thorp, Attorney No. 6210275
SmithAmundsen LLC
150 North Michigan Avenue
Suite 3300
Chicago, IL 60601
(312) 894-3200
(312) 894-3210 Fax